Frances FLORA and Erin Leary,
Appellants,

v.

Frank WHITE, Governor of Arkansas;
and Paul Riviere, Secretary of
State, Appellees.

No. 82–1120.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 11, 1982.

Decided Oct. 28, 1982.

Steve Clark, Atty. Gen., Debby Thetford Nye, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Christopher E. Rand, Houston, Tex., for appellants.

---

Before LAY, Chief Judge, and McMILLI-AN and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

Frances Flora and Erin Leary appeal from a final order entered in the District Court [1] for the Eastern District of Arkansas dismissing their civil rights action challenging the constitutionality of art. 19, § 1 of the Arkansas Constitution. This section provides that "[n]o person who denies the being of a God shall hold any office in the civil department of this State, nor be competent to testify as a witness in any Court." Appellants argued that this section is a bill of attainder and violates the establishment clause of the first amendment of the United States Constitution. The district court held that appellants lacked standing and dismissed the action. *Flora v. White,* No. LR–C–81–452 (E.D.Ark. Dec. 23, 1981). We affirm.

As noted by the district court, appellant Leary alleged only that the challenged section bars her from testifying in any future action that she may bring for damages for the conversion of her personal property and from properly preparing for a legal career that she hopes will include service as a prosecuting attorney. Appellant Leary has not demonstrated that she has been personally subjected to an "actual or threatened injury." *See Gladstone, Realtors v. City of Bellwood,* 441 U.S. 91, 99, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66 (1979). Appellant Leary has not shown that she has or in all likelihood will be barred either from appearing as a witness or from serving as a prosecuting attorney. *But cf. O'Hair v. White,* 675 F.2d 680 (5th Cir. 1982) (finding requisite injury in fact in diminution of atheist's right to vote as a result of similar provision in Texas constitution requiring acknowledgment of belief in supreme being in order to hold public office or serve on jury).

Both appellants also allege that, as atheists, they have suffered adverse psychological consequences as a result of the continued presence of this section in the Arkansas Constitution. The Supreme Court, however, recently held that this type of general psychological impact does not constitute the requisite injury in fact. *See Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). The plaintiffs in *Valley Forge,* like appellants herein, failed

> to identify any personal injury suffered ... *as a consequence* of the alleged constitutional error, other than the psychological consequence presumably produced by observation of conduct with which one disagrees. That is not an injury sufficient to confer standing under Art. III, even though the disagreement is phrased in constitutional terms. It is evident that [the plaintiffs] are firmly committed to the constitutional principle of separation of church and State, but standing is not measured by the intensity of the litigant's interest or the fervor of his [or her] advocacy. "[T]hat concrete adverseness which sharpens the presentation of issues" is the anticipated consequence of proceedings commenced by one who has been injured in fact; it is not a permissible substitute for the showing of injury itself.

102 S.Ct. at 765–66 (emphasis in original, citations and footnote omitted); *see also id.* at 766 n.22 (rejecting a "spiritual stake" in the outcome as sufficient to confer standing).

Accordingly, the order of the district court dismissing appellants' action for lack of standing is affirmed.[2]

---

1. The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas.

2. Although we do not reach the merits of appellants' constitutional claim given the procedural posture of this case, we note that the challenged section would appear to be inconsistent with *Torcaso v. Watkins,* 367 U.S. 488, 81 S.Ct. 1680, 6 L.Ed.2d 982 (1961).