The Honorable John E. Miller State Representative P.O. Box 420 Melbourne, AR 72556-0420
Dear Representative Miller:
This is in response to your request for an opinion regarding Article 19, Sections 1 and 2 of the Arkansas Constitution. Specifically, you note that Section 1 bars anyone who denies the being of a God from holding office or being competent to be a witness. Additionally, you note that Section 2 bars anyone who has fought in a duel from holding office for ten years. Your questions are restated and addressed below in the order posed.
 1. Has Ark. Const. art. 19, § 1, which states, `No person who denies the being of a God shall hold any office in the civil departments of this state nor be competent to testify as a witness in any court,' been altered and/or declared unconstitutional by some legislative or judicial action?
My research indicates that this provision of our constitution has not been addressed by the courts or the legislature. Thus, the answer to your specific question is "no." It should be noted, however, that there is language in an Eighth Circuit Court of Appeals case which seems to indicate that art. 19, § 1 might not withstand scrutiny under a proper action. In Flora v. White,692 F.2d 53 (8th Cir. 1982), the court held that the future possibility of being denied office, or being declared incompetent to testify, did not constitute an "injury in fact" which is required in order to have standing to challenge a constitutional provision. Although the court never reached the merits of the case, it did note, in a footnote, that Section 1 would appear to be inconsistent with Torcaso v. Watkins, 367 U.S. 488 (1961), in which the United States Supreme Court held that a similar state constitutional provision in Maryland was unconstitutional. In Torcaso, a notary public appointee was refused his commission because he would not declare his belief in God. Article 37 of the Declaration of Rights of the Maryland Constitution barred anyone who would not declare a belief in God from holding office. The court held that a religious test unconstitutionally invades the freedom of belief and religion, and therefore cannot be enforced. Article 6 of the United States Constitution states, "no religious test shall ever be required as a qualification to any office or public trust under the United States." See Torcaso, supra at 491. "The First Amendment declares that congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof. The Fourteenth Amendment has rendered the legislatures of the states as incompetent as congress to enact such laws."See Torcaso, supra at 491, citing Cantwell v.Connecticut, 310 U.S. 296, 303, 304 (1940).
Torcaso differs from Flora in that the plaintiff in Torcaso
had an "injury in fact," whereas the plaintiff in Flora did not. It is therefore my opinion that if a plaintiff with proper standing brings a claim that is ripe for adjudication, art. 19, § 1 will most likely be declared unconstitutional.
 2. Has Article 19, § 2, which bars anyone who has fought in a duel from holding office for ten years, been altered and/or declared unconstitutional by some legislative or judicial action?
It is my opinion that the answer to this question is also "no." And, unlike Section 1, there is no case law suggesting that Section 2 of Article 19 would not withstand scrutiny. There is authority, under the constitutions or statutes of other states, for the proposition that any person who has engaged in a duel is incapable of holding or being elected to office. See 28 C.J.S.Dueling § 2 (1948). Because holding a public office in Arkansas has been considered a political privilege rather than a civil right (see State v. Irby, 190 Ark. 786, 81 S.W.2d 419 (1935) and Gray v. Hodges, 107 Ark. 272, 154 S.W. 506 (1913)), it may be concluded that art. 19, § 2 would withstand scrutiny under a reasonableness standard of review. A definitive response will, however, require judicial review.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh